CENTER FOR DISABILITY ACCESS
Chris Carson, Esq., SBN 280048
Raymond Ballister Jr., Esq., SBN 111282
Phyl Grace, Esq., SBN 171771
Dennis Price, Esq., SBN 279082
<u>Mail</u>: PO Box 262490
San Diego, CA 92196-2490
<u>Delivery</u>: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Damien Minna,**<br><br>    Plaintiff,<br><br>v.<br><br>**HWA DAH LLC,** a California Limited Liability Company; **Rabeb Corporation,** a California Corporation; and Does 1-10,<br><br>    Defendants. | **Case No**.<br><br>**Complaint For Damages And Injunctive Relief For Violations Of:** American's With Disabilities Act; Unruh Civil Rights Act |

Plaintiff Damien Minna complains of HWA DAH LLC, a California Limited Liability Company; Rabeb Corporation, a California Corporation; and Does 1-10 ("Defendants"), and alleges as follows:

**PARTIES:**

1. Plaintiff is a California resident with physical disabilities. Plaintiff is a quadriplegic. He cannot walk and uses a wheelchair for mobility.

2. Defendant HWA DAH LLC owned the real property located at or about

25276 Marguerite Pkwy, Mission Viejo, California, in April 2018.

3. Defendant HWA DAH LLC owned the real property located at or about 25276 Marguerite Pkwy, Mission Viejo, California, in May 2018.

4. Defendant HWA DAH LLC owned the real property located at or about 25276 Marguerite Pkwy, Mission Viejo, California, in November 2018.

5. Defendant HWA DAH LLC owns the real property located at or about 25276 Marguerite Pkwy, Mission Viejo, California, currently.

6. Defendant Rabeb Corporation owned the Flame Broiler restaurant located at or about 25276 Marguerite Pkwy, Mission Viejo, California, in April 2018.

7. Defendant Rabeb Corporation owned the Flame Broiler restaurant located at or about 25276 Marguerite Pkwy, Mission Viejo, California, in May 2018.

8. Defendant Rabeb Corporation owned the Flame Broiler restaurant located at or about 25276 Marguerite Pkwy, Mission Viejo, California, in November 2018.

9. Defendant Rabeb Corporation owns the Flame Broiler restaurant ("Restaurant") located at or about 25276 Marguerite Pkwy, Mission Viejo, California, currently.

10. Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10,

Complaint

inclusive, are ascertained.

**JURISDICTION & VENUE:**

11. The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

12. Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, which act expressly incorporates the Americans with Disabilities Act.

13. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

**FACTUAL ALLEGATIONS:**

14. Plaintiff went to the Restaurant in April 2018, May 2018 (twice), and would have returned again in November 2018 (but was deterred from doing so because of his knowledge of the barriers). Plaintiff went to the Restaurant to eat. This Restaurant is one of plaintiff's favorite places to eat. The Restaurant is located less than two miles from plaintiff's house.

15. The Restaurant is a facility open to the public, a place of public accommodation, and a business establishment.

16. Parking spaces are one of the facilities, privileges, and advantages offered by Defendants to patrons of the Restaurant.

17. Even though there were two van parking spaces marked and reserved for persons with disabilities next to the Restaurant (located by the Union Bank), the parking spaces were not accessible on the days of plaintiff's visits.

18. Unfortunately, the parking spaces had inaccessible slopes that exceeded

2.1%. The plaintiff needs a level parking space and access aisle so that he can deploy his ramp into the access aisle.

19. Currently, the parking stalls and access aisle designed for persons with disabilities next to the Restaurant are not level with each other.

20. Paths of travel are one of the facilities, privileges, and advantages offered by Defendants to patrons of the Restaurant.

21. Unfortunately, the only possible path of travel leading to the Restaurant requires plaintiff to go between Restaurant tables located in the outside dining area. The path of travel is well below 36 inches in width because of the placement of the outdoor tables that belong to the Restaurant. This is inaccessible. On several occasions plaintiff has had to bump into the tables and push them around with his wheelchair so that he could into the Restaurant and then to get back to his vehicle after eating at the Restaurant.

22. Meanwhile, all of the other paths of travel at the building where the Restaurant is located require someone to climb steps, which is not accessible for plaintiff.

23. Dining tables are one of the facilities, privileges, and advantages offered by Defendants to patrons of the Restaurant.

24. Unfortunately, plaintiff experienced difficulty with the toe clearance and knee clearance of the tables located at the Restaurant. The table legs underneath the tables inside the Restaurant and underneath the tables located outside simply did not allow for the proper toe and knee clearance.

25. Defendants have failed to maintain in operable working condition those features of facilities and equipment that are required to be readily accessible to and usable by persons with disabilities at the Subject Property.

26. Plaintiff personally encountered these barriers.

27. Restrooms are one of the facilities, privileges, and advantages offered by Defendants to patrons of the Restaurant.

28. Even though the plaintiff did not personally confront the barrier, the toilet stall is improperly configured and too small for wheelchair users, measuring 49 inches in width and 93 inches in depth.

29. This inaccessible facility denied the plaintiff full and equal access and caused him difficulty, discomfort, and embarrassment.

30. The defendants have failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities.

31. The barriers identified above are easily removed without much difficulty or expense. They are the types of barriers identified by the Department of Justice as presumably readily achievable to remove and, in fact, these barriers are readily achievable to remove. Moreover, there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable.

32. For example, there are numerous paint/stripe companies that will come and stripe level parking stalls and access aisles and install proper signage on rapid notice, with very modest expense, sometimes as low as $300 in full compliance with federal and state access standards.

33. Plaintiff will return to the Restaurant to avail himself of its goods or services and to determine compliance with the disability access laws. He is currently deterred from doing so because of his knowledge of the existing barriers. If the barriers are not removed, the plaintiff will face unlawful and discriminatory barriers again.

34. Given the obvious and blatant nature of the barriers and violations alleged herein, the plaintiff alleges, on information and belief, that there are other violations and barriers on the site that relate to his disability. Plaintiff will amend the complaint, to provide proper notice regarding the scope of this lawsuit, once he conducts a site inspection. However, please be on notice that

Complaint

the plaintiff seeks to have all barriers related to his disability remedied. See *Doran v. 7-11*, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them).

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of Plaintiff and against all Defendants.) (42 U.S.C. section 12101, et seq.)

35. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

36. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

   a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).
   b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D."
   c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are

readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

37. Under the 2010 Standards, access aisles shall be at the same level as the parking spaces they serve. Changes in level are not permitted. 2010 Standards 502.4. "Access aisle are required to be nearly level in all directions to provide a surface for wheelchair transfer to and from vehicles." 2010 Standards § 502.4 Advisory. No more than a 1:48 slope is permitted. 2010 Standards § 502.4.

38. Here, the failure to provide level parking is a violation of the law.

39. There must be an accessible path of travel that connects all buildings, elements and spaces on the same site. The minimum clear width of an accessible route shall be 36 inches. 2010 Standards §403.5.1.

40. Here, the failure to provide an accessible path of travel to the Restaurant, because of the configuration of the outdoor dining tables, is a violation of the ADA.

41. Space under an element between the finish floor or ground and 9 inches above the finish floor or ground shall be considered toe clearance and shall comply with 2010 Standards §306.2. Toe clearance shall extend 17 inches to 25 inches under an element and it shall be at least 30 inches in width. Space extending greater than 6 inches beyond the available knee clearance at 9 inches above the finish floor or ground shall not be considered toe clearance. 2010 Standards §§ 306.2 (1-5).

42. Here, there was very little toe clearance and there was not enough knee clearance.

Complaint

43. Where a toilet stall is provided in a restroom in existing facilities, the size and arrangement of the standard toilet stall must be at least 60 inches wide by 56 inches deep. 2010 Standards §604.3.1.

44. Here, the toilet stall is simply too small for wheelchair users.

45. The Safe Harbor provisions of the 2010 Standards are not applicable here because the conditions challenged in this lawsuit do not comply with the 1991 Standards.

46. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

47. Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of Plaintiff and against all Defendants.) (Cal. Civ. Code § 51-53.)

48. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint. The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishment of every kind whatsoever within the jurisdiction of the State of California. Cal. Civ. Code §51(b).

49. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code, § 51(f).

50. Defendants' acts and omissions, as herein alleged, have violated the Unruh Act by, inter alia, denying, or aiding, or inciting the denial of, Plaintiff's rights to full and equal use of the accommodations, advantages, facilities,

privileges, or services offered.

51. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiff, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

**PRAYER**:

Wherefore, Plaintiff prays that this Court award damages and provide relief as follows:

1. For injunctive relief, compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act, which provides for actual damages and a statutory minimum of $4,000 for each offense.

3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; and Cal. Civ. Code §§ 52.

Dated: December 8, 2018         CENTER FOR DISABILITY ACCESS

By: _____
Chris Carson, Esq.
Attorney for plaintiff

Complaint